# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL COLEY, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 1:18-cv-305-TFM-M |
| MARK T. ESPER, Secretary of the Army, | : |
| Defendant. | : |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's *Motion to Dismiss or, in the Alternative, to Transfer, and Memorandum in Support.* (Doc. 9, filed November 19, 2018). Plaintiff filed his response to the motion (Doc. 11, filed December 18, 2018). As such, the motion is fully briefed and ripe for this Court's review. For the reasons detailed below, the undersigned determines the Motion to Dismiss or, in the Alternative, to Transfer, and Memorandum in Support (Doc. 9) is granted as to the alternative transfer request and denied as to his motion to dismiss. Consequently, the case shall be transferred to the appropriate venue, the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1406.

### I. BACKGROUND

Plaintiff originally filed this action with this Court on July 9, 2018. (Doc. 1). Plaintiff brings claims for declaratory and injunctive relief, back pay, compensatory damages, and other relief to redress employment discrimination based on race pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* (*Id.*, at 1). Plaintiff states he is an African American who is stationed in Sembach, Germany, as a civil employee of the Department of the Army and was not selected for a GS-14 vacancy. (*Id.* at ¶¶ 1 & 22). Plaintiff claims he was denied career development opportunities that were given to Mr. David Thomas, a Caucasian employee of the

Department of the Army who was also stationed in Sembach, Germany (*Id.* at ¶ 4 & at 11); Defendant retaliated against Plaintiff when he failed to promote Plaintiff in favor of a less qualified individual who was outside of Plaintiff's protected class (*Id.*, at 11); and Defendant engaged in unlawful retaliation and race discrimination when he failed to promote Plaintiff in favor of a less qualified individual who was outside of Plaintiff's protected class (*Id.*, at 11).

On November 19, 2018, Defendant filed his Motion to Dismiss or, in the Alternative, to Transfer, and Memorandum in Support in which he requests the Court dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) and (6) for improper venue and failure to state a claim, respectively, or in the alternative, transfer this matter pursuant to 28 U.S.C. § 1406 to the Eastern District of Virginia. (Doc. 9, at 1-2). Plaintiff filed his response to the motion on December 18, 2018, in which he concedes this matter should be transferred to the Eastern District of Virginia for those reasons stated by Defendant. (Doc. 11).

## II.     JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) (civil rights), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3.

Defendant challenges venue in his motion. Specifically, Defendant requests the Court dismiss this matter or transfer venue to the Eastern District of Virginia.

## III.     STANDARD OF REVIEW

Generally, the courts look to 28 U.S.C. § 1391(b) for proper venue. However, Title VII has its own venue provision that supersedes § 1391. *See Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive

venue provisions for Title VII employment discrimination actions and . . . the more general provisions of § 1391 are not controlling in such cases.").[1]  Title VII's venue provision states:

> [A Title VII] action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The plaintiff carries the burden of showing that venue is proper in the chosen forum once the defendant contests venue under Fed. R. Civ. P. 12(b)(3).  *Pritchett v. Paschall Truck Lines, Inc.*, 714 F. Supp. 2d 1171, 1174 (M.D. Ala. 2010).

When reviewing a challenge to venue, the court accepts the allegations of the complaint "as true, to the extent they are uncontroverted by defendants' affidavits."  *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988); *see also Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012) (stating same).  The Court "may make factual findings necessary to resolve motions to dismiss for improper venue," so long as the resolution of the factual disputes is not an adjudication on the merits of the case.  *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).  A court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.  *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).  "Rule 12(b)(3) is a somewhat unique context of dismissal in which we

---

[1] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

consciously look beyond the mere allegations of a complaint, and, although we continue to favor the plaintiff's facts in the context of any actual evidentiary dispute, we do not view the allegations of the complaint as the exclusive basis for decision." *Estate of Myhra*, 695 F.3d at 1239.

## IV. DISCUSSION AND ANALYSIS

The events that are the basis of Plaintiff's Complaint occurred while Plaintiff was a civilian employee with the Department of the Army in Sembach, Germany. (Doc. 1, at ¶ 3). Therefore, there is neither a judicial district in a State in which the unlawful employment practice is alleged to have been committed nor a judicial district in which Plaintiff would have worked but for the alleged unlawful employment practice. As to the location of the relevant employment records, Defendant attached to his motion an affidavit by Sheila A. Schlie, the Civilian Personnel Branch Chief in the U.S. Army Installation Management Command Europe Directorate, Human Resources Division, in Sembach, Germany, who states her office in Germany has possession of the relevant employment records. (Doc. 9-1). Therefore, there is not a judicial district in which the employement records relevant to this action are maintained and administered.

Since the first three venue provisions of § 2000e-5(f)(3) do not apply in this matter, the fallback provision of § 2000e-5(f)(3) that the "action may be brought within the judicial district in which the respondent has his principal office" becomes operative. The Secretary of the Army's principal office is at the Pentagon in Arlington, Virginia, and, therefore, venue is proper in the Eastern District of Virginia. *Saran v. Harvey*, No. Civ.A. 04-1847 9JDBo, 2005 WL 1106347, *4, 2005 U.S. Dist. LEXIS 8908, *11-13 (D.D.C. May 9, 2005). Plaintiff concedes this point in his response to Defendant's motion and requests this matter be transferred to the Eastern District of Virginia.

As to whether the interest of justice favors the transfer of this case to the Eastern District of Virginia, the Court notes this matter would be time-barred if the Court dismissed rather than

transferred this matter, since the Complaint was filed in July 2018. *See Perry v. S. Wine Spirits*, 511 F. App'x 888, 889 (11th Cir. 2013) (citing 42 U.S.C. § 2000e-5) ("[T]he plaintiff must file her civil complaint within 90 days of receiving a right-to-sue letter from the EEOC). "For that reason, federal courts have routinely transferred cases, rather than dismissed them, where dismissal would be tantamount to a death knell for the plaintiff's claims." *Boutwell v. Advance Const. Servs., Inc.*, Civil Action No. 07-0447-WS-C, 2007 WL 2988238, *3, 2007 U.S. Dist. LEXIS 76600, *11 (S.D. Ala. Oct. 11, 2007) (citing Title VII cases in which the courts transferred the matters pursuant to § 1406(a) in the interest of justice when the ninety-day right-to-sue period had expired). Accordingly, the Court finds the interest of justice favors the transfer of this case.

## V. CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. Defendant's motion to dismiss (Doc. 9) is **DENIED**;

2. Defendant's alternative motion to transfer (Doc. 9) is **GRANTED**; and

3. This matter is **TRANSFERRED** to the United States District Court for the Eastern District of Virginia.

**DONE** and **ORDERED** this the 14th day of February 2019.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE